IRA M. BOOTH vs. CHARLES SANFORD.

The unlawful confinement by one person of the cattle of another does not make the former liable for an injury to them caused by the malicious act of a third person and in no manner resulting from their being so confined.

[Argued January 20th—decided February 9th, 1885.]

ACTION for damages for the killing of a heifer; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Litchfield county, and tried to the court before *Warner, J.* Judgment for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*J. Huntington* and *A. D. Warner*, for the appellant.

*A. S. Treat* and *W. Cothren*, for the appellee.

GRANGER, J. The complaint in this case alleges, in two counts, first, that the defendant wrongfully killed a heifer belonging to the plaintiff, and, second, that the heifer was confined by the defendant in his yard, and that he so negligently took care of her that she was killed by some person while so confined. The court found the facts as follows:—

The plaintiff, on the 14th day of June, 1882, was the owner of a cow and a two year old heifer, and on that day they got out of the field of the plaintiff into a highway in Roxbury, and from thence strayed into the barn yard of the defendant through an open gateway opening from the highway. About three o'clock in the afternoon of that day the son of the defendant informed him that the animals were in the yard, and, by the direction of the defendant, shut the gate of the yard, and the animals then became confined in the yard. The defendant knew that the animals belonged to the plaintiff. About six o'clock in the afternoon of the same day the heifer was found dead in the yard by the

VOL. LII.—31

defendant; about eight o'clock in the evening he personally notified the plaintiff that the cow and heifer were in his yard and that the latter was dead. The yard was a suitable place to confine such animals, and where the defendant confined his own animals of the same kind when he had occasion to confine them. The heifer was killed while in the yard in the way and manner described in the complaint by some person or persons unknown. There was not sufficient evidence before the court to prove that the defendant or his son or servants caused its death. The defendant did not explain before the court, for what purpose or why he caused the cow and heifer to be confined as aforesaid.

On these facts the court, as a conclusion of law, found the issue for the defendant.

The fact found, that it was not proved that the defendant or his servants killed the heifer, of course disposes of the first count. The question under that count was wholly one of fact; and it is difficult to find much but a question of fact in the issue upon the second count. The counsel for the plaintiff however contend that, if the defendant lawfully confined the animals in his yard, as he might have done under the statute (Gen. Statutes, p. 256, sec. 10,) yet he was bound, by the provisions of the same statute, to give "immediate notice" to the owner, where known, as was the case here, and that by his neglect to give such notice from three o'clock in the afternoon until eight o'clock in the evening he had become a trespasser ab initio, and therefore liable in the same way as if his confinement of the cattle had been from the first unlawful.

But if the confinement of the cattle had been unlawful it does not follow that the defendant would be liable for the killing of the heifer. There is no necessary or natural connection between the two. It is not alleged nor found that she was killed by the other animals in the yard, nor that her death was caused by the fact of her being in the yard. On the other hand it is found that the yard was a suitable place for the confinement of such animals, and that the heifer was killed in the manner alleged in the

complaint, which is, by being stabbed with a manure fork. The law can not, upon these facts, infer a legal liability on the part of the defendant.

There is no error in the judgment.

In this opinion the other judges concurred.